UNITED STATES DISTRICT COURT
                    DISTRICT OF MASSACHUSETTS

CHARLES DINARDO,                )
     Petitioner,                )
                                )
         v.                     )    C.A. No. 10-11619-MLW
                                )
JAMES SABA,                     )
     Respondent.                )


                      MEMORANDUM AND ORDER

WOLF, D.J.                                      December 22, 2010

    Pro se petitioner Charles Dinardo filed a petition for writ of habeas corpus pursuant to 28 U.S.C. §2254. Petitioner alleges various defects in his arrest and conviction. Respondent moved to dismiss the petition because all claims are unexhausted. For the reasons stated below, the petition is being dismissed without prejudice.

    The petition was filed on September 22, 2010. In a September 28, 2010 Order, the court ordered respondent to file an answer or other responsive pleading within 20 days of receipt of the Order. On October 15, 2010, respondent moved to extend the time to respond until November 19, 2010, because more time was required to assemble and review the state court record. In an October 18, 2010 Order, the court allowed respondent's motion for an extension of time. On October 28, 2010, before respondent had filed any answer or other responsive pleading, petitioner moved preemptively to strike respondent's pleadings because they were not filed within the time

                                1

limits established by 28 U.S.C. §2243. On November 16, 2010, respondent moved to dismiss the petition.[1] Petitioner has not opposed the motion to dismiss on the merits.

Regarding petitioner's motion to strike, it is true that §2243 requires a response to an application for a writ of habeas corpus within three days unless, for good cause, additional time, not exceeding twenty days, is allowed. See 28 U.S.C. §2243. The First Circuit Court of Appeals has held, however, that §2254 Rule 4 gives the court discretion to set a deadline for a response beyond the time limits established by §2243. See Bramson v. Winn, 136 Fed. App'x 380, at *2 (1st Cir. 2005)(unpublished). Here, the court exercised its discretion to require a response by November 19, 2010. Because respondent complied with that order and filed a response on November 16, 2010, the response is not untimely. The motion to strike is, therefore, being denied.

Regarding respondent's motion to dismiss, the court agrees that these claims are not exhausted. "Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, thus giving the state the first opportunity to pass upon and correct alleged violations of its prisoners' federal rights." Josselyn v. Dennehy, 475 F.3d 1, 2 (1st Cir. 2007)(internal citations and quotation marks omitted). "Where, as

---

[1] On December 20, 2010, respondent filed two exhibits which were inadvertently omitted from the appendices to the motion to dismiss.

here, a state's highest court offers discretionary review, a petitioner must present that court with the opportunity to review the federal claim to have exhausted available state remedies." Id. at 3; see Mass. R. App. Proc. 27.1.  Respondent has demonstrated that petitioner's direct appeal is still pending before the Massachusetts Appeals Court and was, in fact, scheduled for oral argument on December 6, 2010.  Consequently, the state's intermediate appellate court has not yet had the opportunity to complete its review of petitioner's conviction, and petitioner's claims have not yet been presented to the state's highest court. Petitioner's claims are, therefore, unexhausted. See Josselyn, 475 F.3d at 2-3.

Typically, the court would decide whether to dismiss the petition without prejudice or to enter a stay. See Rhines v. Weber, 544 U.S. 269, 279 (2005).  A stay is normally considered because it is often unlikely that the petition, if dismissed without prejudice to permit exhaustion, could be brought again within the relevant limitations period. See id. at 275.  Here, however, a stay would serve no useful purpose because direct review of the conviction is ongoing and, consequently, the limitations period has not yet begun to run. See 28 U.S.C. §2244(d)(1)(A). Accordingly, the petition is being dismissed without prejudice.

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Proceedings, the court must "issue or deny a certificate of

3

appealability [("COA")] when it enters a final order adverse to the applicant." Determining whether a COA should issue where the petition is dismissed on procedural grounds involves two questions, one directed at the underlying constitutional claims and one directed at the District Court's procedural holding. See Slack v. McDaniel, 529 U.S. 473, 484-85 (2000). A COA may be granted where a supposed antecedent procedural bar prevented the District Court from reaching the constitutional claim if (1) the soundness of the procedural ruling is debatable, and (2) the constitutional claim is colorable. See Mateo v. United States, 310 F.3d 39, 40 (1st Cir. 2002). "[B]oth showings [must] be made before the Court of Appeals may entertain an appeal." Slack, 529 U.S. at 485. Therefore, a COA will not issue if either question is answered in the negative. See id.

To meet both elements for a COA, the petitioner must show "at least that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural rulings." Id. at 478. An issue "can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that petitioner will not prevail." Miller-El v. Cockrell, 537 U.S. 322, 338 (2003). However, the "issuance of a COA must not be pro forma or a matter of course"

because Congress has "confirmed the necessity and the requirement of differential treatment for those appeals deserving of attention from those that plainly do not." Id. at 337.

The question in this case can be disposed of properly by looking only at the soundness of the court's procedural decision. See Slack, 529 U.S. at 485; Mateo, 310 F.3d at 40. The court has determined that all claims are unexhausted because respondent has demonstrated, and petitioner does not dispute, that petitioner's direct appeal remains pending before the Massachusetts Appeals Court and has not yet been presented to the Supreme Judicial Court. No reasonable jurist can find this conclusion to be debatable. Therefore, a COA is not being granted.

Because the court has denied a COA, petitioner may seek a COA from the Court of Appeals. See §2254 Rule 11(a).

Accordingly, it is hereby ORDERED that:

1. Petitioner's Motion to Strike (Docket No. 9) is DENIED.

2. Respondent's Motion to Dismiss (Docket No. 10) is ALLOWED. This case is DISMISSED without prejudice.

3. A Certificate of Appealability is DENIED.

       /s/ Mark L. Wolf
   UNITED STATES DISTRICT JUDGE